UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRIY MELNYK, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> POLSKIE LINIE LOTNICZE LOT S.A. A/K/A LOT POLISH AIRLINES, <br><br> Defendant. | Case No. <br><br><br> **CLASS ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Andriy Melnyk ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of his counsel and upon information and belief, except as to Plaintiff's allegations regarding his own actions which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit regarding Defendant Polskie Linie Lotnicze Lot S.A. a/k/a LOT Polish Airlines' ("LOT" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant has cancelled all of its international and United States flights until June 14, 2020.[1] However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide

---

[1] https://www.lot.com/us/en/current-rebooking-and-refund-information (last visited 5/18/20).

refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[2]  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[3]

    4.    On May 12, 2020, the DOT issued a Second Enforcement Notice, which stated the following:

    (a)    The DOT reiterated that "airlines have an obligation to provide a refund to a ticketed passenger when the carrier cancels or significantly changes the passenger's flight, and the passenger chooses not to accept an alternative offered by the carrier."[4]

    (b)    Online travel agencies are required to provide a "prompt refund" when "(i) an airline cancels or significantly changes a flight, (ii) an airline acknowledges that a consumer is entitled to a refund, and (iii) passenger funds are possessed by a ticket agent."[5]

    (c)    "The refund policy in place at the time the passenger purchased the ticket is the policy that is applicable to that ticket."[6]

---

[2] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed May 15, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[3] *See id.*

[4] DEP'T OF TRANSP., FREQUENTLY ASKED QUESTIONS REGARDING AIRLINE TICKET REFUNDS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL 1 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed May 15, 2020) (hereinafter "DOT SECOND NOTICE").

[5] *Id.* at 2.

[6] *Id.*

  (d) "Airlines and ticket agents can offer consumers alternatives to a refund, such as credits or vouchers, **so long as the option of a refund is also offered and clearly disclosed** if the passenger is entitled to a refund."[7]

  (e) "For airlines, 'prompt' is defined as being **within 7 business days** if a passenger paid by credit card, and **within 20 days** if a passenger paid by cash or check."[8]

5. Defendant LOT is the largest airline in Poland. LOT's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

6. Defendant LOT has suspended service on select routes due to "the unstable situation on international aviation markets and numerous travelling restrictions related to the SARS-CoV-2 coronavirus during the pandemic."[9]

7. Plaintiff, like many other travelers, was scheduled to fly with LOT. As part of Plaintiff's trip, Plaintiff was to embark on a departing flight from or destined for the United States: a departing flight from New York, New York to Warsaw, Poland, and from Warsaw to Lviv, Ukraine. Plaintiff was scheduled for a return flight from Lviv to Warsaw, and from Warsaw back to Newark, New Jersey.

8. Plaintiff purchased his flight tickets through Ovago.

9. Plaintiff's return flights from Lviv to Newark were cancelled.

10. Plaintiff has not been refunded by LOT for his cancelled flight.

11. LOT was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when it cancelled his flight.

12. LOT also represents in its Conditions of Carriage that:

  If the carrier:

---

[7] *Id.* at 3 (emphasis added).

[8] *Id.* (emphasis added).

[9] https://www.lot.com/us/en/current-rebooking-and-refund-information (last visited 5/19/20).

- cancels a flight; or
- cannot operate a flight within a reasonable time according to the schedule; or
- fails to stop at a scheduled place that is the place of destination or a stopover in the passenger's travel; or
- is unable to provide the passenger with the seat on board that it confirmed at the purchase of the ticket; or
- causes the passenger to miss the next flight for which the passenger has a confirmed booking, the amount of the refund shall be:

1. if no portion of the ticket has been used – the amount equal to the fare collected from the passenger (with no deductions);
2. if a portion of the ticket has been used, the refund shall be the higher of:
   - the one-way fare (less applied discounts, if any) from the stopover to the place of destination or the place of the next stopover; or
   - the difference between the fare paid for the complete journey and the fare that would be payable for the journey segments used.[10]

13.    In short, where LOT cancels a flight, the passenger is entitled to a full refund without deductions. Further, LOT states in its Conditions of Carriage that a "refund shall be made in the same form as used for paying for the ticket."[11]

---

[10] https://www.lot.com/us/en/conditions-of-carriage (last visited 5/19/20).
[11] *Id.*

14. LOT's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[12] The DOT Enforcement Notice applies to "U.S. and foreign airlines."[13]

15. LOT's customers have excoriated its refusal or failure to provide refunds. For instance, like Plaintiff, customers on the website tripadvisor.com have stated:



---

[12] DOT NOTICE
[13] *Id.*



16. Plaintiff brings this action on behalf of himself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) breach of contract, and (iv) money had and received.

**PARTIES**

17. Plaintiff Andriy Melnyk is a citizen of the State of New Jersey and resides in Landing, New Jersey. On or around February 17, 2020, Plaintiff purchased tickets through Ovago for flights on LOT: a departing flight from New York, New York to Warsaw, Poland, and from Warsaw to Lviv, Ukraine. Plaintiff also scheduled return flights from Lviv to Warsaw, and Warsaw to Newark, New Jersey. Plaintiff was to depart for Warsaw on March 6, 2020, and

6

to return to Newark on March 15, 2020.  Plaintiff paid approximately $652.83 for the round-trip tickets.  However, the flights from Lviv to Newark were cancelled by LOT on or around March 15, 2020 due to the coronavirus, COVID-19.  Plaintiff contacted LOT regarding the cancellation, but LOT stated that the cancellation "constitutes extraordinary circumstances, which, in light of the regulations in place, limit the carrier's responsibility."  To date, Plaintiff has not been refunded by LOT.

18. Defendant Polskie Linie Lotnicze Lot S.A. a/k/a LOT Polish Airlines is a corporation organized under the laws of Poland with its headquarters in Warsaw, Poland. Defendant conducts substantial business throughout the United States and in the State of New Jersey.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

20. This Court has personal jurisdiction over this action because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, as a foreign corporation, Defendant may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on a LOT flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded (the "Class").

23. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

24. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

25. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through Defendant's records and third-party vendors' records.

26. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for a LOT flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

27. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any

questions affecting only individual members of the Class.  These common legal and factual questions include, but are not limited to, the following:

(a) Whether LOT failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether LOT breached its contract with Plaintiff and Class members by failing to issue cash refunds for cancelled flights;

(c) Whether LOT is liable to Plaintiff and the Class for unjust enrichment;

(d) Whether LOT unlawfully converted money from Plaintiff and members of the Class; and

(e) Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

28. **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Plaintiff has no interests that are antagonistic to those of the Class.

29. **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Class could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

30. In the alternative, the Class may also be certified because:

    (a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

    (b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    (c) Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

31. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

32. Plaintiff brings this claim on behalf of himself and members of the Class.

33. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to significant schedule change by LOT.

34. Defendant has knowledge of these benefits.

35. Defendant voluntarily accepted and retained these benefits. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

36. Because these benefits were obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by LOT, it would be unjust and inequitable for the Defendant to retain them without paying the value thereof.

## COUNT II
### Conversion

37. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

38. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

39. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

40. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by LOT.

41. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by LOT, and in the amount of consequential damages resulting therefrom.

## COUNT III
### Breach of Contract

42. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

43. Plaintiff brings this claim on behalf of himself and members of the Class.

44. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

45. Plaintiff and members of the Class performed by paying the airline ticket fees for the flights before they were cancelled.

46. Defendant's Conditions of Carriage expressly state that if a flight is cancelled by Defendant, the passenger entitled to a refund.

47. Defendant has breached these contracts by retaining Plaintiff and Class members' airline ticket fees while not providing flight services.

48. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
### Money Had And Received

49. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

51. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

52. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

53. Defendant obtained money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

  (c)  An Order of disgorgement of wrongfully obtained profits;

  (d)  An award of compensatory and other damages in an amount to be determined;

  (e)  An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

  (f)  Interest on all amounts awarded, as allowed by law; and

  (g)  Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 19, 2020       Respectfully submitted,

            **BURSOR & FISHER, P.A.**

            By: */s/ Andrew Obergfell*
               Andrew Obergfell

Andrew Obergfell
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: aobergfell@bursor.com