UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRIY MELNYK, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>v.<br><br>POLSKIE LINIE LOTNICZE LOT S.A. A/K/A LOT POLISH AIRLINES,<br><br>                              Defendant. | Case No. 2:20-cv-06119-MCA-LDW<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Andriy Melnyk ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of his counsel and upon information and belief, except as to Plaintiff's allegations regarding his own actions which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit regarding Defendant Polskie Linie Lotnicze Lot S.A. a/k/a LOT Polish Airlines' ("LOT" or "Defendant") failure to provide full refunds within a reasonable time to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant cancelled all of its international and United States flights until July 31, 2021.[1] However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels

---

[1] CURRENT REBOOKING AND REFUND INFORMATION, https://www.lot.com/us/en/current-rebooking-and-refund-information (last accessed June 22, 2021).

2

the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[2] Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[3]

    4.    On May 12, 2020, the DOT issued a Second Enforcement Notice, which stated the following:

    (a)    The DOT reiterated that "airlines have an obligation to provide a refund to a ticketed passenger when the carrier cancels or significantly changes the passenger's flight, and the passenger chooses not to accept an alternative offered by the carrier."[4]

    (b)    Online travel agencies are required to provide a "prompt refund" when "(i) an airline cancels or significantly changes a flight, (ii) an airline acknowledges that a consumer is entitled to a refund, and (iii) passenger funds are possessed by a ticket agent."[5]

---

[2] Dep't of Transp., U.S Department of Transportation Issues Enforcement Notice Clarifying Air Carrier Refund Requirements, Given the Impact of COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Aug. 24, 2020) (hereinafter "DOT Notice") (emphasis added).

[3] *See id.*

[4] Dep't of Transp., Frequently Asked Questions Regarding Airline Ticket Refunds Given the Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel 1 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed Aug. 24, 2020) (hereinafter "DOT Second Notice").

[5] *Id.* at 2.

    (c)      "The refund policy in place at the time the passenger purchased the ticket is the policy that is applicable to that ticket."[6]

    (d)      "Airlines and ticket agents can offer consumers alternatives to a refund, such as credits or vouchers, **so long as the option of a refund is also offered and clearly disclosed** if the passenger is entitled to a refund."[7]

    (e)      "For airlines, 'prompt' is defined as being **within 7 business days** if a passenger paid by credit card, and **within 20 days** if a passenger paid by cash or check."[8]

5.    Defendant LOT is the largest airline in Poland. LOT's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

6.    Defendant LOT has suspended service on select routes due to "the unstable situation on international aviation markets and numerous travelling restrictions related to the SARS-CoV-2 coronavirus during the pandemic."[9]

7.    Plaintiff, like many other travelers, was scheduled to fly with LOT. As part of Plaintiff's trip, Plaintiff was to embark on a departing flight from or destined for the United States: a departing flight from New York, New York to Warsaw, Poland, and from Warsaw to Lviv, Ukraine. Plaintiff was scheduled for a return flight from Lviv to Warsaw, and from Warsaw back to Newark, New Jersey.

8.    Plaintiff purchased his flight tickets through Ovago.

9.    Plaintiff's return flight from Lviv to Newark was cancelled.

10.    Plaintiff has not been refunded by LOT for his cancelled flight.

---

[6] *Id*.

[7] *Id.* at 3 (emphasis added).

[8] *Id.* (emphasis added).

[9] CURRENT REBOOKING AND REFUND INFORMATION, https://www.lot.com/us/en/current-rebooking-and-refund-information (last accessed Aug. 24, 2020).

11. LOT was required to provide Plaintiff a prompt refund within a "reasonable time" when it cancelled his flight.

12. LOT also represents in its Conditions of Carriage, attached as **Exhibit A**, that:

If the carrier:

- cancels a flight; or

- cannot operate a flight within a reasonable time according to the schedule; or

- fails to stop at a scheduled place that is the place of destination or a stopover in the passenger's travel; or

- is unable to provide the passenger with the seat on board that it confirmed at the purchase of the ticket; or

- causes the passenger to miss the next flight for which the passenger has a confirmed booking, the amount of the refund shall be:

1. if no portion of the ticket has been used – the amount equal to the fare collected from the passenger (with no deductions);

2. if a portion of the ticket has been used, the refund shall be the higher of:

    - the one-way fare (less applied discounts, if any) from the stopover to the place of destination or the place of the next stopover; or

    - the difference between the fare paid for the complete journey and the fare that would be payable for the journey segments used.[10]

13. In short, when LOT cancels a flight, the passenger is entitled to a full refund without deductions. Further, LOT states in its Conditions of Carriage that "[a] refund shall be made in the same form as used for paying for the ticket."[11]

---

[10] LOT CONDITIONS OF CARRIAGE § 11.3.

[11] *Id.* § 11.2.5.

5

14. LOT's customers have excoriated its refusal or failure to provide refunds. For instance, like Plaintiff, customers on the website tripadvisor.com[12] have stated:

June 14, 2021 Review:



August 1, 2020 Review:



July 2020 Review:



---

[12] LOT POLISH, TRIP ADVISOR, https://www.tripadvisor.com/Airline_Review-d8729112-Reviews-LOT-Polish-Airlines.html#REVIEWS.


July 2020 Review:



July 2020 Review:



July 2020 Review:



    15.    Further, although LOT claims it has a condition precedent to the processing of a refund (the presentation of proof of payment), LOT specifically prevented Plaintiff and Class members from fulfilling the condition precedent by leaving customers seeking a refund on hold

for long periods of time, dropping calls, and otherwise creating bottleneck to avoid processing refunds as required under the Contract of Carriage.

16. Following the cancellation of his return flight by LOT, Plaintiff attempted to contact LOT several times in or about April 2020. Plaintiff was placed on hold for approximately one hour each time he called. After remaining on hold, the calls would drop before he could speak with a LOT representative.

17. Plaintiff did not hang up on LOT, LOT hung up on him.

18. After the futility of the phone calls, Plaintiff attempted to fill out a claim form online on LOT's website. Nowhere on the claim form did LOT request that Plaintiff provide proof of payment.

19. On April 30, 2020, LOT responded to Plaintiff's request for a refund, stating that the cancellation "constitutes extraordinary circumstances, which, in light of the regulations in place, limit the carrier's responsibility." Thus, LOT refused to provide a refund to Plaintiff.

20. LOT never asked Plaintiff to provide proof of payment, by e-mail or otherwise.

21. Even today, if Plaintiff were to submit another claim for a refund, the claim form contains no field asking for proof of payment.

//
//
//
//
//
//
//
//
//
//
//

22. In fact, the claim form instructs passengers to contact the "ticketing office" (although no phone number or email is provided), even though calling LOT was the exact method Plaintiff tried without success.



9

23. In other words, LOT has established an infinite loop where (1) customers fill out a claim form that does not request proof of payment, (2) customers are told to contact the ticketing office to proceed with their refund, and (3) customers are unable to reach the ticketing office by phone.

24. Thus, LOT frustrated the condition precedent by subjecting Plaintiff to extensive hold times, dropped calls (after extensive hold times), and claim forms that do not ask for the information LOT claims is necessary to process a refund. This unnecessary bottleneck was designed to prevent issuing refunds to customers like Plaintiff who were entitled to a refund under Defendant's Contract of Carriage.

25. Plaintiff's experience is not unique. LOT's passengers have consistently pointed out the difficulty of requesting a refund from LOT, and have long bemoaned LOT's customer service:

June 23, 2021 Review:



June 18, 2021 Review:



10

June 9, 2021 Review:



**Totally not recommended**

More like bullshiet airlines. Can't even fix their system. Feels like customer support doesn't even exist. Never answers to the emails, phone calls. Even local representatives can't reach them. Terrible airlines. Never recommend, as you cannot be confident with your flights. Just buy anything else, but not Lot.

June 8, 2021 Review:



**HORRIBLE Customer Service & Unprofessional Staff**

Someone needs to create zero stars as this airline doesn't deserve the 1 star. In the past, we flew LOT almost always and have upgraded to either business or premium class. However, this time they are really either incompetent, don't care about customers, or their reputation— or all of the above.

To make a long story short, no one is answering their customer support phone number, no one is responding to chats on social media (as directed by them when calling)— they simply hang up. I've been calling, filling out forms online for a refund, messaging on Facebook and WhatsApp— with no response since last Thursday. Finally, after being on hold for 2 hours I miraculously got to speak to a woman in Poland who rudely told me that there is a penalty of over $300 for a refund on my premium ticket OR I can get a voucher for the full amount to use at another time. Their website has broken links that do not load.

June 7, 2021 Review:



**IMPOSSIBLE TO REACH CUSTOMER SERVICE!!!**

I've been trying to contact LOT airlines costumer service for almost TWO weeks to have my flight changed to a different day. Absolutely horrible that I cannot reach them. I'VE TRIED WHATS APP, MESSENGER AND CALLED THEM ALMOST EVERYDAY! I even stayed on the phone for two hours once. This is the most ridiculous experience I have ever had with an airline.

June 2, 2021 Review:



May 2021 Review:



26. Plaintiff brings this action on behalf of himself and the Class for equitable relief and to recover damages and restitution for: (i) breach of contract.

## PARTIES

27. Plaintiff Andriy Melnyk is a citizen of the State of New Jersey and resides in Landing, New Jersey. On or around February 17, 2020, Plaintiff purchased tickets through Ovago for flights on LOT: a departing flight from New York, New York to Warsaw, Poland, and from Warsaw to Lviv, Ukraine. Plaintiff also scheduled return flights from Lviv to Warsaw, and Warsaw to Newark, New Jersey. Plaintiff was to depart for Warsaw on March 6, 2020, and to return to Newark on March 15, 2020. Plaintiff paid approximately $652.83 for the round-trip tickets. However, the flights from Lviv to Newark were cancelled by LOT on or around March 15, 2020 due to the coronavirus, COVID-19. As alleged above, Plaintiff attempted to contact LOT regarding the cancellation and his right to a refund, but to no avail. Nor was Plaintiff ever

12

asked to provide proof of payment, nor provided the opportunity to do so. To date, Plaintiff has not been refunded by LOT.

28. Defendant Polskie Linie Lotnicze Lot S.A. a/k/a LOT Polish Airlines is a corporation organized under the laws of Poland with its headquarters in Warsaw, Poland. Defendant conducts substantial business throughout the United States and in the State of New Jersey.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

30. This Court has personal jurisdiction over this action because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

31. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, as a foreign corporation, Defendant may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on a LOT flight scheduled to operate to, from, or within the United States whose flights were cancelled and not refunded (the "Class").

33. Plaintiff also seeks to represent a subclass of all Class members in New Jersey who purchased tickets for travel on a LOT flight scheduled to operate to, from, or within the United States whose flights were cancelled and not refunded (the "Subclass") (the "Class" and "Subclass" are collectively referred to as the "Classes").

34. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

35. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

36. **Numerosity.** The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class, and tens of thousands of individuals that are members of the proposed Subclass. Although the precise number of proposed members of the Classes is unknown to Plaintiff, the true number of members of the Classes are known by Defendant. Class and Subclass members may be notified of the pendency of this action by mail and/or publication through Defendant's records and third-party vendors' records.

37. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all members of the Classes, paid for a LOT flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Classes, has been damaged by Defendant's misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

38. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Classes and predominate over any

questions affecting only individual members of the Classes.  These common legal and factual questions include, but are not limited to, the following:

(a) Whether LOT failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether LOT breached its contract with Plaintiff, Class, and Sublcass members by failing to issue cash refunds for cancelled flights;

(c) Whether Plaintiff, Class, and Subclass members are entitled to rescind the contract with Defendant and thereby have the costs of the fares returned to them; and

(d) Whether Plaintiff and the Classes are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

39. **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes.  Plaintiff has no interests that are antagonistic to those of the Classes.

40. **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Classes is relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

41. In the alternative, the Classes may also be certified because:

    (a) the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

    (b) the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    (c) Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

42. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

43. Plaintiff brings this claim on behalf of himself and members of the Class and Subclass.

44. Defendant entered into contracts with Plaintiff and members of the Classes to provide services in the form of flights in exchange for a set amount of money.

45. As set forth at length above, Defendant's Conditions of Carriage expressly state that if a flight is cancelled by Defendant, the passenger is entitled to a refund.

46. Plaintiff and members of the Classes performed their portion of the bargain by paying the airline ticket fees for the flights before they were cancelled.

47. For the reasons set forth above, Defendant frustrated any condition precedent to Plaintiff and members of the Classes receiving a refund because Defendant left Plaintiff on hold

for extended periods of time, dropped calls after Plaintiff waited on hold, prevented Plaintiff from submitting proof of payment, and otherwise frustrated Plaintiff's ability to request a refund.

48. Defendant breached these contracts by retaining Plaintiff and members of the Classes' airline ticket fees while not providing flight services.

49. Plaintiff and members of the Classes have also suffered injury through LOT's unreasonable delay in issuing refunds, thus depriving Plaintiff and members of the Classes of the time value of their money.

50. Plaintiff and members of the Classes have suffered an injury through the payment of money for tickets while not receiving services in return.

51. Plaintiff and members of the Classes are entitled to damages for Defendant's breach of its Contract of Carriage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Classes, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Classes and appointing Plaintiff and his Counsel to represent the Classes;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Classes for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory and other damages in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: June 25, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Andrew Obergfell*
       Andrew Obergfell

Andrew Obergfell
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: aobergfell@bursor.com

*Attorneys for Plaintiff*